# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| MAYNARD ORLANDO NALL, ) | |
| ) | |
| Movant/Defendant, ) | |
| ) | Case Numbers: |
| vs. ) | 7:16-cv-8106-CLS |
| ) | 7:08-cr-161-CLS-TMP |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION

This action is before the court on the motion to vacate, set aside, or correct sentence filed by Maynard Orlando Nall pursuant to 28 U.S.C. § 2255.[1]

Nall was sentenced by this court on June 30, 2009, to imprisonment for a term of 180 months following his conviction on one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).[2] A violation of that statute generally is punishable by a maximum sentence of ten years imprisonment. *See* 18 U.S.C. § 924(a)(2). In Nall's case, however, his sentence was enhanced under the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA"), which provides, in pertinent part, that:

---

[1] *See* doc. no. 1 in the present case: *i.e.*, No. 7:16-cv-8106-CLS.

[2] *See* doc. no. 17 in case no. 7:08-cr-161-CLS-TMP (Judgment in a Criminal Case (For Offenses Committed On or After November 1, 1987)).

> In the case of a person who violates section 922(g) of this title and has *three previous convictions by any court referred to in section 922(g)(1) of this title for* a violent felony or *a serious drug offense*, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned *not less than fifteen years*, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g).

18 U.S.C. § 924(e)(1) (emphasis supplied). On the date of sentencing by this court, Nall had three previous convictions for first degree unlawful possession of marijuana under Alabama law, which is a "serious drug offense."[3]

Nall did not appeal his sentence. Instead, he filed the present motion to vacate, set aside, or correct sentence on June 27, 2016. And there proceedings lay for nearly two years, until June 18, 2018, when this court entered an order requiring the United States to appear within thirty days, and to file an answer in accordance with Rule 5 of the Rules Governing Section 2255 Proceedings.[4] The delay is inexplicable and, except for the reasons discussed hereafter, would not be excusable.

## DISCUSSION

A § 2255 motion must be filed within one year of the latest of the following occurrences:

> (1) the date on which the judgment of conviction becomes final;

---

[3] *See* doc. no. 14 in case no. 7:08-cr-0161-CLS-TMP (Government's Sentencing Memorandum), at 2-3.

[4] *See* doc. no. 4 in case no. 7:16-cv-8106-CLS (Order).

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Nall's conviction and sentence became final on July 14, 2009. *See Murphy v. United States*, 634 F.3d 1303, 1307 (11th Cir. 2011) ("[W]e have concluded that when a defendant does not appeal his conviction or sentence, the judgment of conviction becomes final when the time for seeking that review expires.") (alteration supplied); Fed. R. App. P. 4(b)(1)(A) (providing that a criminal defendant must file an appeal within fourteen days of the entry of judgment). Because that was nearly seven years before the date in June 2016 when Nall filed the present motion with this court, Nall's motion cannot be considered timely under § 2255(f)(1). There also is no indication that Nall was prevented by governmental action from making his motion, or that he has discovered new facts to support his claim, so his motion cannot be considered timely under § 2255(f)(2) or (4).

Instead, Nall asserts that the Supreme Court's June 26, 2015 decision in *Johnson v. United States*, 576 U.S. ___, 135 S. Ct. 2551 (2015), constituted "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *See* 28 U.S.C. § 2255(f)(3). Nall's motion was not entered on this court's docket until June 27, 2016, a year and a day after the *Johnson* decision was rendered. Even so, the motion could be considered timely because Nall, who still is incarcerated, placed it in the prison mailing system on June 24, 2016, less than a year after the *Johnson* decision.[5] *See* Rule 3(d) of the Rules Governing Section 2255 Proceedings ("A paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing. If an institution has a system designed for legal mail, the inmate must use that system to receive the benefit of this rule. Timely filing may be shown by a declaration in compliance with 28 U.S.C. Sec. 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.").

But Nall can claim the benefit of the extended filing period only if the right asserted by him in his present § 2255 motion was initially recognized by the Supreme

---

[5] *See* doc. no. 1 in case no. 7:16-cv-8106-CLS (Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255).

Court in *Johnson*, *supra*, and that newly recognized right was made retroactively applicable to cases on collateral review. *See* 28 U.S.C. § 2255(f)(3).

It is well-established that the Supreme Court's 2015 decision in *Johnson* announced a new rule that is retroactive to cases on collateral review, thereby allowing potential § 2255 movants one year from the date of that decision to assert their arguments. *See*, *e.g.*, *Beeman v. United States,* 871 F.3d 1215, 1219 (11th Cir. 2017). Unfortunately for Nall, however, he did not file a claim that complies with the rationale of the *Johnson* decision.

Even though Nall's motion *mentions* the *Johnson* decision, it does not seek the type of relief that was newly recognized by *Johnson*. That decision held that the so-called "residual clause" of the ACCA's definition of the term "violent felony" was unconstitutionally vague. *See Johnson,* 135 S. Ct. at 2563. The *Johnson* decision did not address the use of "serious drug offenses" to enhance a sentence under the ACCA, or any of the other arguments asserted by Nall in his § 2255 motion.

Thus, because Nall's present motion does not assert a claim based upon the right that was newly recognized by the Supreme Court's opinion in *Johnson*, *supra*, the motion is due to be denied. An appropriate final judgment will be entered contemporaneously herewith.

**DONE** and **ORDERED** this 9th day of August, 2018.

 _____
 United States District Judge